IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–01670–PAB–KMT

MARIA TRYSLA, an individual, and
THE MARKETING DEPARTMENT, LLC, a Colorado limited liability company,

      Plaintiffs,

v.

THE MARKETING DEPARTMENT WORLDWIDE, LLC, and
JOHN COOLEY,

      Defendants.

---

## ORDER

---

The matter before the court is "The Parties' Joint Motion for Temporary Stay of Proceedings Pending Outcome of Mediation Pursuant to D.C.COLO.LCivR 16.6." (Doc. No. 24 [Mot.], filed Oct. 6, 2015.)

The parties, who are both of limited financial means, request the court temporarily stay all proceedings, including an upcoming scheduling conference and a deadline for Defendants to answer Plaintiffs' Complaint, so they can try to economically resolve their legal dispute through mediation with the Denver-based Judicial Arbiter Group, Inc. (*Id.* at 1–2.) Defendants' deadline to answer Plaintiff's Complaint is October 9, 2015. The court's upcoming scheduling conference is set for October 26, 2015. The parties anticipate that the mediation process could take approximately three to four months and that the mediation itself could be completed in one day. (*Id.* at 3.)

Though the Federal Rules of Civil Procedure do not expressly allow stays of proceedings,

Rule 26(c) permits a party to move for a discovery order protecting it from annoyance,

embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court
> to control the disposition of the causes on its docket with economy of time and
> effort for itself, for counsel, and for litigants.  How this can best be done calls for
> the exercise of judgment, which must weigh competing interests and maintain an
> even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  When deciding whether a party requesting a

stay has shown good cause, the Court considers: (1) the plaintiff's interests in proceeding

expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the

burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties

to the civil litigation; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows,*

*Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Here, all parties move for a three to four month temporary stay of proceedings pending

the outcome of a good faith attempt to resolve their dispute through a neutral mediation process.

Considering those factors enumerated in *String Cheese Incident*, the court finds that parties have

shown good cause for a stay of proceedings.  To begin, staying the proceedings would prejudice

neither Plaintiffs nor Defendants.  All parties requested the stay and all parties argue that it

would benefit them.  (*See generally* Mot.)  The parties state that they are of limited means and

"cannot afford the legal expense of both advancing this litigation on the current schedule, which

will consume considerable attorney time over the course of the next month or more, and move

forward with a formal mediation process, which likewise requires the expenditure of

considerable attorney time."  (*Id*. at 3.)  Defendants contend that they are in a precarious

financial situation and that if they have to spend "extremely scarce funds" for counsel to respond to Plaintiffs' lawsuit, that would deprive Defendants of the financial means to engage in the mediation process.  (*Id.*)  Plaintiff Trysla avers that she too is of limited means and would prefer to resolve the dispute by mediation without incurring additional litigation costs.  (*Id.* at 3–4.) Next, the interests of both the court and the public would be furthered by a mediated resolution of this matter.  Not only would a stay here promote the efficient administration of justice by saving the court the time, the effort, and the cost required to resolve the parties' dispute through litigation, it would also reduce the risk that two businesses fail because of costly, and potentially unnecessary litigation.  Finally, there are no non-parties with significantly particularized interests in this case.

Accordingly, it is

**ORDERED** that all proceedings in this matter are **STAYED** for 100 days from the date of this Order.  All deadlines, including the defendants' October 9, 2015, deadline to answer Plaintiffs' complaint, are **VACATED**.  The court's scheduling conference scheduled for October 26, 2015, is **VACATED**.  Parties shall file a Status Report with this court on or before January 18, 2016, addressing the status of the mediation and whether a scheduling conference should be set in anticipation of continued litigation.  Should the parties come to a resolution during the stay, they shall notify the court immediately, pursuant to D.C.COLO.LCivR 40.2(b).

Dated: October 9, 2015.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

3